UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN FARRAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number 3:24-CV-1140 |
| ) | Senior Circuit Judge Julia Smith Gibbons |
| CORECIVIC OF TENNESSEE, LLC, ) | Jury Demand |
| VINCENT VANTELL, and ) | |
| MATTHEW STEVENS, ) | |
| ) | |
| Defendants. ) | |

# AMENDED ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Vincent Vantell ("Vantell"), and Matthew Stevens ("Stevens") answer the allegations in the Complaint that was filed by Plaintiff Kevin Farrar ("Farrar") in this matter.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
**(Amended Answer to Complaint, Docket Entry 1)**

As to each allegation in the Complaint, Defendants respond as follows:

1. Defendants admit that Farrar was a prisoner of the State of Tennessee and that Farrar previously was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 1 of the Complaint. Defendants deny all allegations of wrongdoing.

2. Defendants deny the allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Defendants deny the allegations in paragraph 3 of the Complaint and all allegations of wrongdoing.

4. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 4 of the Complaint. Defendants deny all allegations of wrongdoing.

5. Defendants deny the allegations in paragraph 5 of the Complaint and all allegations of wrongdoing.

6. Defendants admit that Farrar was transported to an offsite medical provider on October 4, 2023, for medical treatment. Defendants deny the remaining allegations in paragraph 6 of the Complaint, that Farrar is entitled to the relief that he seeks in the Complaint, and all allegations of wrongdoing.

7. Defendants admit that Farrar was a prisoner of the State of Tennessee and that Farrar previously was incarcerated at Trousdale. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 7 of the Complaint.

8. Defendants admit that CoreCivic is a Tennessee limited liability company, that CoreCivic is a private company, that CoreCivic maintains its corporate headquarters and principal place of business at 5501 Virginia Way, Suite 110, Brentwood, Tennessee 37027, that CoreCivic may be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, and that CoreCivic, Inc. operates Trousdale. Defendants deny the remaining allegations in paragraph 8 of the Complaint and all allegations of wrongdoing.

9. Defendants admit that Vantell is a citizen of the State of Tennessee, that Vantell served as the Warden at Trousdale during the timeframe that is relevant to this lawsuit, and that Vantell provided oversight and supervision at Trousdale. Defendants will answer the allegation in paragraph 9 of the Complaint regarding the personal residence of Vantell following the entry of

a protective order such that the information can be placed under seal. Defendants deny the remaining allegations in paragraph 9 of the Complaint and all allegations of wrongdoing.

10. Defendants admit that Stevens is a citizen of the State of Tennessee, that Stevens was an employee of CoreCivic during the timeframe that is relevant to this lawsuit, and that Stevens served as a Senior Correctional Officer at Trousdale. Defendants will answer the allegation in paragraph 10 of the Complaint regarding the personal residence of Stevens following the entry of a protective order such that the information can be placed under seal.

11. Defendants admit that the Court has jurisdiction over Farrar's federal law claims pursuant to 28 U.S.C. § 1331.

12. Defendants admit that the Court has supplemental jurisdiction over Farrar's state law claims pursuant to 28 U.S.C. § 1367(a).

13. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

14. Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

15. Defendants deny the allegations in paragraph 15 of the Complaint and all allegations of wrongdoing.

16. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 16 of the Complaint regarding an alleged conversation between Farrar and another inmate. Defendants deny all allegations of wrongdoing.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 17 of the Complaint regarding Farrar's affiliation or lack of affiliation with a security threat group. Defendants deny the remaining allegations in paragraph 17 of the Complaint and all allegations of wrongdoing.

18. Defendants deny the allegations in paragraph 18 of the Complaint and all allegations of wrongdoing.

19. Defendants deny the allegations in paragraph 19 of the Complaint and all allegations of wrongdoing.

20. Paragraph 20 of the Complaint references a disciplinary infraction, which speaks for itself. Defendants deny all allegations in paragraph 20 of the Complaint that are inconsistent with any disciplinary infraction and all allegations of wrongdoing.

21. Defendants deny the allegations in paragraph 21 of the Complaint and all allegations of wrongdoing.

22. Defendants admit that Farrar was not placed in protective custody in July 2023. Defendants deny all allegations of wrongdoing.

23. Defendants admit that on October 4, 2023, Stevens placed Farrar and Edward Tukes ("Tukes") into the same cell. Defendants deny all allegations of wrongdoing.

24. Paragraph 24 of the Complaint references a disciplinary infraction, which speaks for itself. Defendants deny all allegations in paragraph 24 of the Complaint that are inconsistent with any disciplinary infraction and all allegations of wrongdoing.

25. Defendants admit that Tukes identified as a member of the Crips security threat group. Defendants deny the remaining allegations in paragraph 25 of the Complaint and all allegations of wrongdoing.

26. Defendants deny the allegations in paragraph 26 of the Complaint and all allegations of wrongdoing.

27. Defendants deny the allegations in paragraph 27 of the Complaint and all allegations of wrongdoing.

28. Defendants deny the allegations in paragraph 28 of the Complaint and all allegations of wrongdoing.

29. Defendants admit that Stevens and/or other members of the security team placed Farrar and Tukes in hand restraints before placing them into the same cell, that Farrar and Tukes did not express concern or make threats, that Stevens and/or other members of the security team removed the hand restraints from Farrar and Tukes, and that Stevens and other members of the security team left the housing unit without incident between Farrar and Tukes. Defendants deny the remaining allegations in paragraph 29 of the Complaint and all allegations of wrongdoing.

30. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint. Defendants deny all allegations of wrongdoing.

31. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint. Defendants deny all allegations of wrongdoing.

32. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 32 of the Complaint. Defendants deny all allegations of wrongdoing.

33. Defendants deny the allegations in paragraph 33 of the Complaint and all allegations of wrongdoing.

34. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 34 of the Complaint. Defendants deny all allegations of wrongdoing.

35. Defendants deny the allegations in paragraph 35 of the Complaint and all allegations of wrongdoing.

36. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint. Defendants deny all allegations of wrongdoing.

37. Defendants deny the allegations in paragraph 37 of the Complaint and all allegations of wrongdoing.

38. Defendants deny the allegations in paragraph 38 of the Complaint and all allegations of wrongdoing.

39. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the Complaint. Defendants deny all allegations of wrongdoing.

40. Defendants deny the allegations in paragraph 40 of the Complaint and all allegations of wrongdoing.

41. Defendants deny the allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 42 of the Complaint. Defendants deny all allegations of wrongdoing.

43. Defendants deny the allegations in paragraph 43 of the Complaint and all allegations of wrongdoing.

44. Defendants admit that Farrar received medical treatment at Trousdale on October 4, 2023. Defendants deny all allegations of wrongdoing.

45. Defendants admit that Farrar received medical treatment at Trousdale on October 4, 2023. Defendants deny all allegations of wrongdoing.

46. Defendants deny the allegations in paragraph 46 of the Complaint and all allegations of wrongdoing.

47. Defendants deny the allegations in paragraph 47 of the Complaint and all allegations of wrongdoing.

48. Defendants deny the allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

49. Defendants deny the allegations in paragraph 49 of the Complaint and all allegations of wrongdoing.

50. Defendants admit that Farrar was transported to an offsite medical provider on October 4, 2023, for medical treatment.

51. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 51 of the Complaint. Defendants deny all allegations of wrongdoing.

52. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 52 of the Complaint. Defendants deny all allegations of wrongdoing.

53. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the Complaint. Defendants deny all allegations of wrongdoing.

54. Defendants admit that Farrar was transported to the Lois M. DeBerry Special Needs Facility and that Farrar remained at DeBerry from October 4, 2023, through October 5, 2023.

55. Defendants admit that Farrar was returned to Trousdale on October 5, 2023.

56. Defendants admit that Farrar was housed in the medical department at Trousdale from October 5, 2023, through October 6, 2023.

57. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the Complaint. Defendants deny all allegations of wrongdoing.

58. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the Complaint. Defendants deny all allegations of wrongdoing.

59. Defendants admit that Farrar was housed in Alpha Charlie 107 on October 6, 2023.

60. Defendants deny the allegations in paragraph 60 of the Complaint and all allegations of wrongdoing.

61. Defendants deny the allegations in paragraph 61 of the Complaint and all allegations of wrongdoing.

62. Defendants deny the allegations in paragraph 62 of the Complaint and all allegations of wrongdoing.

63. Defendants admit that Farrar was placed on protective custody at Trousdale. Defendants deny all allegations of wrongdoing.

64. Defendants deny the allegations in paragraph 64 of the Complaint and all allegations of wrongdoing.

65. Paragraph 65 of the Complaint references disciplinary infractions, which speak for themselves. Defendants deny all allegations in paragraph 65 of the Complaint that are inconsistent with any disciplinary infractions and all allegations of wrongdoing.

66. Defendants deny the allegations in paragraph 66 of the Complaint and all allegations of wrongdoing.

67. Defendants deny the allegations in paragraph 67 of the Complaint and all allegations of wrongdoing.

68. Paragraph 68 of the Complaint references grievances, which speak for themselves. Defendants deny all allegations in paragraph 68 of the Complaint that are inconsistent with any grievances and all allegations of wrongdoing.

69. Paragraph 69 of the Complaint references the grievance policy at Trousdale, which speaks for itself. Defendants deny all allegations in paragraph 69 of the Complaint that are inconsistent with the grievance policy and all allegations of wrongdoing.

70. Paragraph 70 of the Complaint references grievances, which speak for themselves. Defendants deny all allegations in paragraph 70 of the Complaint that are inconsistent with any grievances and all allegations of wrongdoing.

71. Paragraph 71 of the Complaint references grievances, which speak for themselves. Defendants deny all allegations in paragraph 71 of the Complaint that are inconsistent with any grievances and all allegations of wrongdoing.

72. Paragraph 72 of the Complaint references grievances, which speak for themselves. Defendants deny all allegations in paragraph 72 of the Complaint that are inconsistent with any grievances and all allegations of wrongdoing.

73. Paragraph 73 of the Complaint references grievances, which speak for themselves. Defendants deny all allegations in paragraph 73 of the Complaint that are inconsistent with any grievances and all allegations of wrongdoing.

74. No response is required to the allegations in paragraph 74 of the Complaint.

75. The allegations in paragraph 75 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

76. Defendants deny the allegations in paragraph 76 of the Complaint and all allegations of wrongdoing.

77. Defendants deny the allegations in paragraph 77 of the Complaint and all allegations of wrongdoing.

78. Defendants deny the allegations in paragraph 78 of the Complaint and all allegations of wrongdoing.

79. Defendants deny the allegations in paragraph 79 of the Complaint and all allegations of wrongdoing.

80. Defendants deny the allegations in paragraph 80 of the Complaint and all allegations of wrongdoing.

81. Defendants deny the allegations in paragraph 81 of the Complaint and all allegations of wrongdoing.

82. Defendants deny the allegations in paragraph 82 of the Complaint and all allegations of wrongdoing.

83. Defendants deny the allegations in paragraph 83 of the Complaint and all allegations of wrongdoing.

84. Defendants deny the allegations in paragraph 84 of the Complaint and all allegations of wrongdoing.

85. Defendants deny the allegations in paragraph 85 of the Complaint and all allegations of wrongdoing.

86. Defendants admit that the policies and procedures in place at Trousdale require the physical search of inmates in various situations. Defendants deny all allegations of wrongdoing.

87. Defendants admit that the policies and procedures in place at Trousdale require the physical search of inmates in various situations and that employees of CoreCivic are trained on these polices and procedures. Defendants deny all allegations of wrongdoing.

88. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 88 of the Complaint. Defendants deny all allegations of wrongdoing.

89. Defendants deny the allegations in paragraph 89 of the Complaint and all allegations of wrongdoing.

90. Defendants deny the allegations in paragraph 90 of the Complaint and all allegations of wrongdoing.

91. Defendants deny the allegations in paragraph 91 of the Complaint and all allegations of wrongdoing.

92. Defendants deny the allegations in paragraph 92 of the Complaint and all allegations of wrongdoing.

93. The allegations in paragraph 93 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

94. The allegations in paragraph 94 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

95. Defendants deny the allegations in paragraph 95 of the Complaint and all allegations of wrongdoing.

96. Defendants deny the allegations in paragraph 96 of the Complaint and all allegations of wrongdoing.

97. Defendants deny the allegations in paragraph 97 of the Complaint and all allegations of wrongdoing.

98. No response is required to the allegations in paragraph 98 of the Complaint.

99. Defendants admit that Vantell and Stevens were employees of CoreCivic during the timeframe that is relevant to this lawsuit.

100. The allegations in paragraph 100 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

101. The allegations in paragraph 101 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

102. The allegations in paragraph 102 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

103. Defendants deny the allegations in paragraph 103 of the Complaint and all allegations of wrongdoing.

104. Defendants deny the allegations in paragraph 104 of the Complaint and all allegations of wrongdoing.

105. The allegations in paragraph 105 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

106. The allegations in paragraph 106 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

107. The allegations in paragraph 107 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

108. The allegations in paragraph 108 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

109. The allegations in paragraph 109 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

110. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 110 of the Complaint. Defendants deny all allegations of wrongdoing.

111. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 111 of the Complaint. Defendants deny all allegations of wrongdoing.

112. Defendants deny the allegations in paragraph 112 of the Complaint and all allegations of wrongdoing.

113. Defendants deny the allegations in paragraph 113 of the Complaint and all allegations of wrongdoing.

114. Defendants deny the allegations in paragraph 114 of the Complaint and all allegations of wrongdoing.

115. No response is required to the allegations in paragraph 115 of the Complaint.

116. The allegations in paragraph 116 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

117. Defendants deny the allegations in paragraph 117 of the Complaint and all allegations of wrongdoing.

118. Defendants deny the allegations in paragraph 118 of the Complaint and all allegations of wrongdoing.

119. Defendants deny the allegations in paragraph 119 of the Complaint and all allegations of wrongdoing.

120. Defendants deny the allegations in paragraph 120 of the Complaint and all allegations of wrongdoing.

121. Defendants deny the allegations in paragraph 121 of the Complaint and all allegations of wrongdoing.

122. Defendants deny the allegations in paragraph 122 of the Complaint and all allegations of wrongdoing.

123. Defendants deny the allegations in paragraph 123 of the Complaint and all allegations of wrongdoing.

124. Defendants deny the allegations in paragraph 124 of the Complaint and all allegations of wrongdoing.

125. Defendants deny the allegations in paragraph 125 of the Complaint and all allegations of wrongdoing.

126. No response is required to the allegations in paragraph 126 of the Complaint.

127. The allegations in paragraph 127 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

128. The allegations in paragraph 128 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

129. The allegations in paragraph 129 of the Complaint contain legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

130. Defendants deny the allegations in paragraph 130 of the Complaint and all allegations of wrongdoing.

131. Paragraph 131 of the Complaint references a Tennessee Comptroller of the Treasury, Performance Audit Report, Department of Correction, which speaks for itself. Defendants deny all allegations in paragraph 131 of the Complaint that are inconsistent with the Performance Audit Report and all allegations of wrongdoing.

132. Defendants deny the allegations in paragraph 132 of the Complaint and all allegations of wrongdoing.

133. Defendants deny the allegations in paragraph 133 of the Complaint and all allegations of wrongdoing.

134. Paragraph 134 of the Complaint references a Press Release, which speaks for itself. Defendants deny all allegations in paragraph 134 of the Complaint that are inconsistent with the Press Release and all allegations of wrongdoing.

135. Paragraph 135 of the Complaint references a Press Release, which speaks for itself. Defendants deny all allegations in paragraph 135 of the Complaint that are inconsistent with the Press Release and all allegations of wrongdoing.

136. Defendants deny the allegations in paragraph 136 of the Complaint and all allegations of wrongdoing.

137. Defendants deny the allegations in paragraph 137 of the Complaint and all allegations of wrongdoing.

138. Defendants deny the allegations in paragraph 138 of the Complaint and all allegations of wrongdoing.

139. Defendants deny the allegations in paragraph 139 of the Complaint and all allegations of wrongdoing.

140. Defendants deny the allegations in paragraph 140 of the Complaint and all allegations of wrongdoing.

141. Defendants deny the allegations in paragraph 141 of the Complaint and all allegations of wrongdoing.

142. Defendants deny the allegations in paragraph 142 of the Complaint and all allegations of wrongdoing.

143. Defendants deny the allegations in paragraph 143 of the Complaint and all allegations of wrongdoing.

144. Defendants deny the allegations in paragraph 144 of the Complaint and all allegations of wrongdoing.

145. Defendants deny the allegations in paragraph 145 of the Complaint and all allegations of wrongdoing.

146. Defendants deny the allegations in paragraph 146 of the Complaint and all allegations of wrongdoing.

147. Defendants deny the allegations in paragraph 147 of the Complaint and all allegations of wrongdoing.

148. Defendants deny the allegations in paragraph 148 of the Complaint and all allegations of wrongdoing.

149. Defendants deny the allegations in paragraph 149 of the Complaint and all allegations of wrongdoing.

150. Defendants deny the allegations in paragraph 150 of the Complaint and all allegations of wrongdoing.

151. Defendants deny the allegations in paragraph 151 of the Complaint and all allegations of wrongdoing.

152. Defendants deny the allegations in paragraph 152 of the Complaint and all allegations of wrongdoing.

Defendants deny that Farrar is entitled to the relief that he seeks in the Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

To the extent that Farrar was incarcerated on the day on which he filed the Complaint, his claims are barred based upon his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### FOURTH DEFENSE

Farrar's claims against Defendants fail to state a claim upon which relief can be granted because Farrar cannot hold Defendants liable for the alleged violations of others on a *respondeat-superior* theory of liability or on a supervisory liability theory.

### FIFTH DEFENSE

To the extent that Farrar complains regarding the actions, conduct, or response of medical personnel, those claims fall under the Tennessee Healthcare Liability Act, and Farrar did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122.

### SIXTH DEFENSE

Farrar's negligence claim is barred in whole or in part by the doctrine of comparative fault, including the fault of Tukes.

### SEVENTH DEFENSE

The actions of Tukes constitute the intervening and superseding cause of any and all injuries to Farrar.

## EIGHTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Farrar.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of Tennessee, LLC, Vincent Vantell, and Matthew Stevens*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U.S. Mail, first-class postage prepaid, this December 12, 2024, on the following:

Daniel A. Horwitz
Melissa K. Dix
Sarah L. Martin
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209

/s/ Erin Palmer Polly